Carol L. ORDEWALD, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A.5:04 CV 00032.

United States District Court, W.D. Virginia, Harrisonburg Division.

Jan. 5, 2005.

Kevin J. Sullivan, Daniel Schorsch, Poindexter & Schorsch PC, Waynesboro, VA, for Plaintiff.

Julie C. Dudley, United States Attorneys Office, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

CONRAD, District Judge.

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir.1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The plaintiff, Carol L. Ordewald, was born on September 22, 1960 and eventually completed her high school education. Mrs. Ordewald also took several courses in college. She has worked as a cashier, food server, machine operator, sales clerk, and department manager in a retail store. Apparently, she last worked on a regular and sustained basis in 1988. On November 7, 2001, Mrs. Ordewald filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment in July 1988 due to epilepsy, migraine headaches, fibromyalgia, and sensitivity to chemicals. Mrs. Ordewald now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act

through the fourth quarter of 1993, but not thereafter. *See, generally,* 42 U.S.C. §§ 414 and 423.

Mrs. Ordewald's claim was denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated March 10, 2003, the Law Judge also determined that Mrs. Ordewald is not disabled. The Law Judge made no explicit findings as to the nature or diagnoses of plaintiff's physical, mental, and emotional impairments. However, the Law Judge's opinion indicates that he adopted the findings made by two medical experts who testified at the administrative hearing in this case. Dr. H.C. Alexander, III, an internist and rheumatologist, testified that Mrs. Ordewald has a history of cervical intrathelial neoplasia, class III, which was successfully treated by a total vaginal hysterectomy; seizure disorder; migraine headaches; irritable bowel syndrome; hypertension; and fibromyalgia. Dr. Robert Muller, a clinical psychologist, testified at the hearing that plaintiff has a history of panic attacks, depression, and polysubstance abuse.

Based on plaintiff's combination of physical, mental, and emotional impairments, the Law Judge ruled that Mrs. Ordewald has been disabled for all of her past work roles at all relevant times. Furthermore, based on his review of the extensive medical record, and after considering the testimony of the two medical experts, the Law Judge found that Mrs. Ordewald was totally disabled for all . forms of substantial gainful employment for a period of time prior to the termination of her insured status on December 31, 1993. The Law Judge based this finding primarily on the severity of plaintiff's panic attacks. However, the Law Judge also found that beginning in about March 1993, Mrs. Ordewald's panic disorder improved and that she came to possess a greater and wider range of residual functional capacity sometime after the termination of her insured status on December 31, 1993. The Law Judge offered the following assessment as to plaintiff's improved residual functional capacity:

Since December of 1993, the undersigned finds that the claimant has remained physically capable of light work, however, the claimant's mental impairment have [sic] improved. Since Decemebr [sic] of 1993, the claimant's abilities to follow work rules, deal with the public, co-workers and supervisors, use judgment, deal with stress, function independently, and maintain attention and concentration have been "fair." Her ability to understand, remember and carry out complex job instructions has been "poor," her ability to deal with detailed instructions has been "fair," and her ability to deal with simple instructions has been "good." The claimant's abilities to behave in an emotionally stable manner, relate predictably in social situations and to demonstrate reliability have been "fair." (TR 30).

Given Mrs. Ordewald's more recent residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that beginning sometime shortly after December 31, 1993, and continuing through the date of his opinion, Mrs. Ordewald has possessed sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Ordewald is not currently disabled, and that she is not entitled to a period of disability or disability insurance benefits. *See, generally,* 20 C.F.R. § 404.1520(f). In

this regard, the Law Judge reasoned as follows:

> While the record indicates that the claimant was disabled prior to December 31, 1993, the date she was last insured for disability benefits, Social Security regulations require that an individual file an application for a period of disability while they are disabled or no later than 12 months after the month in which the disability ended. (20 C.F.R. § 404.621(d)). In cases where a mental impairment is involved, if an individual was mentally incompetent and not able to apply within the 12 months after the period of disability ended, they may apply not more than 36 months after the month in which the disability ended. (20 C.F.R. § 404.322). Even if the undersigned were to give the claimant the benefit of the doubt and consider her to have been mentally incompetent while she was disabled by the panic disorder, the record indicates that it was well beyond 3 years after this impairment ceased when she applied for disability benefits in October of 2001. (TR 28).

The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Ordewald has now appealed to this court.

■ After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. While Mrs. Ordewald clearly suffers from a severe impairment, the medical record supports the finding that plaintiff's physical impairments, consisting primarily of fibromyalgia, have never been so severe as to prevent her performance of light levels of exertion. However, the medical record also indicates that plaintiff's panic disorder, seizure disorder, and depression were so severe as to have rendered her disabled for all forms of work activity for a period of time in the late 1980s and early 1990s. The court believes that the Administrative Law Judge properly relied on the medical record, as well as the testimony of Dr. Muller, the medical expert, in determining that plaintiff's nonexertional limitations were more adequately treated beginning in about March 1993. The court specifically finds that the testimony of Dr. Muller constitutes substantial evidence in support of the Law Judge's determination that plaintiff possessed sufficient residual functional capacity for nonstressful, light work activity beginning no later than the mid–1990s. Dr. Muller went on to assess plaintiff's residual functional capacity in terms of a variety of specific, work-related emotional components. Given Dr. Muller's findings for the later period, the vocational expert testified that Mrs. Ordewald possesses sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. The court concludes that there is substantial evidence to support the Commissioner's decision that plaintiff was not disabled within the meaning of the Social Security Act within a period of three years prior to the date of her application for disability insurance benefits. On appeal to this court, the issues in dispute appear to turn on the legal effect to be accorded to the Law Judge's finding that plaintiff was disabled for a period of time during which she still enjoyed insured status. Mrs. Ordewald argues that this finding is binding upon the Commissioner and that she may not now be found ineligible for a period of disability without an appropriate readjudication of her capacity to perform substantial gainful activity. In a related argument, plaintiff maintains that this is really a "medical improvement" case, and that the Commissioner has not undertaken the appropriate inquiry as set

forth under 42 U.S.C. § 423(f) and 20 C.F.R. § 404.1594. Finally, plaintiff contends that even assuming her disability ended, the Administrative Law Judge was without legal authority to deny her application for a period of disability merely because the application was not filed within a specified period following cessation of her disability. The court finds each of these arguments to be unavailing.

■ Plaintiff argues that once the Administrative Law Judge had found that she was disabled for some period of time prior to the termination of insured status, the government possessed the burden under Step 5 of the sequential disability analysis, 20 C.F.R. § 404.1520(f), to go forward with evidence to establish the existence of alternate work roles which she could be expected to perform. Plaintiff's argument ignores the fact that the Administrative Law Judge received input from two medical experts and a vocational expert in attempting to determine whether Mrs. Ordewald possessed sufficient functional capacity to engage in substantial gainful activity following the improvement in her panic disorder. Dr. Muller clearly testified that Mrs. Ordewald experienced improvement beginning in the spring of 1993. The Law Judge asked Dr. Muller to assess plaintiff's residual functional capacity for the periods of time both before and after the improvement in her panic disorder. Dr. Muller made explicit findings as to the earlier period. (TR 455–57). The Law Judge then asked Dr. Muller to evaluate the same work-related emotional components for the period of time after improvement in plaintiff's overall condition. Dr. Muller made the assessment. (TR 463–64). In questioning the vocational expert, the Law Judge propounded hypothetical questions which included Dr. Muller's findings as to plaintiff's specific, work-related emotional components for the periods be-

fore and after the improvement in her panic disorder. The vocational expert testified that Mrs. Ordewald was disabled based on the findings for the earlier period, but that she now possesses residual functional capacity for several specific work roles given the findings for the later period. (TR 468–71). It was based on this body of evidence that the Law Judge made his crucial findings that Mrs. Ordewald was disabled for all forms of work for a period of time and that she later regained sufficient functional capacity to engage in several specific alternate work roles. It appears to the court that the Law Judge was quite scrupulous in undertaking the appropriate inquiry required under 20 C.F.R. § 404.1520(f). *See, generally, Walker v. Bowen,* 889 F.2d 47 (4th Cir.1989). In short, the court finds no fault with the Law Judge's application of the sequential disability analysis.

It is true that the Law Judge did not evaluate plaintiff's case in terms of the "medical improvement" criteria established by and pursuant to 42 U.S.C. § 423(f). However, as pointed out by the Commissioner in her memorandum in support of her motion for summary judgment, such criteria are applicable only in determining the cessation of disability for a person who is already a "recipient of benefits." Since Mrs. Ordewald has never been found entitled to a period of disability and disability insurance benefits, the "medical improvement" criteria are not relevant to her case.

■ Finally, in what appears to be an argument tailored to the establishment of a closed period of disability, Mrs. Ordewald contends that the Law Judge was without legal authority in requiring that her application for benefits be filed within 12 months from the date on which the Law Judge found that her disability ended. However, the filing of a timely application is one of the requirements for benefits

established under 42 U.S.C. § 423(i). Under 20 C.F.R. § 404.320(b), it is provided as follows:

You are entitled to a period of disability if you meet all the following conditions:

(1) You have or had a disability as defined in § 404.1505.

(2) You are *insured for disability,* as defined in § 404.130 in the calendar quarter in which you became disabled, or in a later calendar quarter in which you were disabled.

(3) You file an application while disabled, or no later than 12 months after the month in which your period of disability ended. If you were unable to apply within the 12–month period after your period of disability ended because of a physical or mental condition as described in § 404.322, you may apply not more than 36 months after the month your disability ended.

(4) At least 5 consecutive months go by from the month in which your period of disability begins and before the month in which it would end.

The court concludes that the Commissioner properly ruled that Mrs. Ordewald is not now entitled to a period of disability because she did not file an application within the prescribed period of time after her disability ended. The court agrees that this case is somewhat complicated by the fact that the Law Judge did not undertake to establish an exact date on which plaintiff again possessed the capacity to engage in substantial gainful activity. On the other hand, it is clear that the Law Judge gave Mrs. Ordewald the benefit of the doubt in considering her circumstances under both the twelve month limitation period and the more liberal thirty-six month limitation period provided for persons with mental deficiencies. The Law Judge properly concluded that under ei-

ther provision, Mrs. Ordewald's claim must fail.

In summary, the court concludes that the final decision of the Commissioner in this case is consistent with the applicable statutory and administrative provisions. The court finds substantial evidence to support the Commissioner's finding that, while Mrs. Ordewald was disabled for a period of time while she still enjoyed insured status, she regained sufficient functional capacity to perform several specific work roles several years prior to her date of application for a period of disability and disability insurance benefits. Accordingly, the court concludes that the final decision of the Commissioner must be affirmed. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

### JUDGMENT AND ORDER

For reasons stated in a Memorandum Opinion filed this day, summary judgment is hereby entered for the defendant and it is so

### ORDERED.

The Clerk is directed to send certified copies of this Judgment and Order to all counsel of record.